**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-40979
Summary Calender

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

FRANCIS MICHAEL CARDEN, STEPHEN AUSTIN NEWBERRY,
KELLY BETH McFATTER, ALFRED FLOYD SIMMONS, III,
RODNEY A. VICK, JORDAN ROSS NOVELLI,
STEPHEN RAY LAUSEN, and DEBBIE LAUSEN,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(G-95-CR-2)

_____

May 29, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


The government brings this interlocutory appeal of an order excluding most of its evidence. Concluding that the district court abused its discretion, we reverse and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The defendants are charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846; defendant Carden is also charged with money laundering in violation of 18 U.S.C. § 1956. The indictments seek criminal forfeiture of the defendants' property obtained from the proceeds of their alleged drug dealing.

In anticipation of trial, Novelli filed five discovery motions, requesting that the government be compelled to disclose all evidence it intended to offer under FED. R. EVID. 404(b); to produce all agreements between the government and its witnesses; to produce all Jencks Act materials; to disclose all evidence the government intended to offer under FED. R. EVID. 405; and to disclose all statements of alleged indicted and unindicted co-conspirators. The prosecutor then in charge of the case agreed to the requests and, on May 30, 1996, pursuant to FED. R. CRIM. P. 16, the magistrate judge entered a discovery order requiring the government to turn over the aforementioned information at least one week in advance of trial, which was then set to begin April 4, 1997.[1] Before that date, however, the court granted a defense motion for a continuance and set a new trial date of Monday, August

---

[1] The discovery order stated in relevant part:

It is further ORDERED that, subject to reconsideration, the government's production as to [Novelli's motions] shall be made, as the government has agreed, one week before commencement of trial.

18, 1997; a status conference was set for Friday, August 15, 1997.

The government replaced its attorney in charge; the new attorney was not aware that he needed to comply with the discovery order.[2] Instead, he instituted other discovery procedures that may or may not have availed the defendants of the information they were requesting.

The defendants let the discovery order deadline pass without comment. Then, the day before the status conference, the defendants filed a motion to sanction the government for its failure to comply with the discovery order; the government had not made the required productions and disclosures at least "one week" before the commencement of trial. The defendants sought to prevent the government from introducing any evidence connected with its untimely compliance with the order. Upon the filing of the motion for sanctions, the government complied with the discovery order.

Finding that the government had violated the order, the magistrate judge granted the motion in limine and excluded all evidence related to that order from being introduced against any of the defendants. The magistrate gave the government the option of proceeding to trial without being able to introduce the body of its proof, or of dismissing the indictment without prejudice and attempting to re-indict.

The government appealed the in limine order unsuccessfully to

---

[2] Neither the defendants nor the district court has suggested willfulness as the cause of the government's failure to comply with the discovery deadline.

the district court. After the district court denied the government's motion for reconsideration, the government filed a timely notice of interlocutory appeal to this court under 18 U.S.C. § 3731.[3] Pursuant to § 3731, the Assistant United States Attorney certified that "the appeal is not being taken for purposes of delay and that the court's conditional order will result in either dismissal of the indictment or the exclusion of evidence that is substantial and material to the government's prosecution in this case."

II.

Novelli, Stephen Lausen, and Debbie Lausen contest our jurisdiction to hear this appeal under § 3731 because the limine orders are conditional; these orders prevent the government from introducing the evidence identified therein unless it first obtains approval from the district court. Therefore, according to these

---

[3] Section 3731 provides in relevant part:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence . . . not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. . . .

> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

4

three defendants,[4] "[t]his appeal must fail as the Limine orders do not suppress or exclude evidence. . . . Section 3731 does not apply to orders which require some action which may later result in the exclusion of evidence. *United States v. Camisa*, 969 F.2d 1428, 1429 (2d Cir. 1992); *United States v. Kane*, 646 F.2d 4, 5-6 (1st Cir. 1981)."

"Title 18, U.S.C. § 3731, permits the United States to appeal orders 'suppressing or excluding' evidence in criminal cases so long as the relevant United States Attorney 'certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding.'" *United States v. Smith*, 1998 LEXIS U.S. App. 2598, at *5-*6 (5th Cir. Feb. 23, 1998) (No. 97-30320) (quoting 18 U.S.C. § 3731). The jurisdictional issue is whether the "conditional" limine orders constitute an "exclusion" of evidence for purposes of § 3731.

A reading of the magistrate judge's and district judge's orders reveals that the government faces an exclusion of most of the evidence needed to prove its case and therefore can appeal under the terms of § 3731. Unlike the circumstance in the cases the defendants cite, in this case the evidentiary exclusion is not

---

[4] The other defendants affirmatively state that this court has jurisdiction; they raise no jurisdictional challenge.

5

conditioned upon some future event that may or may not occur.[5]

Rather, here it is the *admission* of evidence that is conditioned upon some future event that is probabilistically uncertain:  the court's change of heart concerning its adoption of Novelli's motion in limine.  Should that event fail to occurSSand that seems likely, given the language in the opinions of the magistrate judge and the district judgeSSthe government will not be allowed to introduce most of its evidence.  Plainly, this situation is one that Congress intended § 3731 to address when it chose to allow interlocutory appeals from an order "excluding evidence."[6]


## III.

Addressing the merits, the defendants contend that the district court acted within its sound discretion.  "When a party in a criminal case fails to comply with a FED. R. CRIM. P. 16 discovery order, the district court 'may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other

---

[5] In *Camisa*, the court rejected the government's invocation of § 3731 jurisdiction to appeal an order disqualifying a lawyer that could, thereafter, have precipitated the exclusion of evidence. *See Camisa*, 969 F.2d at 1429.  Such cases are explained by the loose nexus between the district court's order and the eventual exclusion of evidence.  Although § 3731 is to be construed broadly, *see Woolard*, 981 F.2d at 757, at some point the actions of the district court will be too tenuous to support a challenge under this section.  In contrast to the cases defendants cite, the nexus between the orders and the exclusion of evidence is very tight here.  Accordingly, we have § 3731 jurisdiction.

[6] *Cf. United States v. Woolard*, 981 F.2d 756, 757 (5th Cir. 1993) (arguing for a liberal construction of § 3731 appealability of the "dismissal" of an indictment).

order as it deems just under the circumstances . . . .'"  *United States v. Sarcinelli*, 667 F.2d 5, 5 (5th Cir. Unit B Jan. 1982) (quoting FED. R. CRIM. P. 16).[7]

We previously have held that "[i]mplicit in the discretion granted the district court under rule 16(d)(2) is that the district court, in deciding what sanction to impose, consider several factors: 'the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances.'  8 MOORE'S FED. PRACTICE ¶ 16.04(3) (2d ed. 1981)."  *Sarcinelli*, 667 F.2d at 6-7.[8]  In determining what remedy is "just under the circumstances," FED. R. CRIM. P. 16(d)(2), "the court should impose the least severe sanction that will accomplish the desired resultSSprompt and full compliance with the court's discovery order."  *Id.* at 7; *accord United States v. Bentley*,

---

[7] "[A]ll Unit B cases are precedent in the Fifth Circuit."  *United States v. Rojas-Martinez*, 968 F.2d 415, 420 n.11 (5th Cir. 1992).

[8] In *Sarcinelli*, we made explicit the inquiry implicit in the court's review of the sanctions imposed in *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979).  Although *Campagnuolo* upheld the exclusion of evidence for the government's violation of a discovery order "even if the nondisclosure did not prejudice the defendants," *id.*, the test outlined in *Sarcinelli* does not mandate that all of the factors of its test be met before exclusion of evidence is warranted; the *Sarcinelli* test merely requires that the district court *consider* each of the factors, and that there be *some* justification for a more extreme sanction than a continuance, given the factors weighed.  In any event, from our reading of *Campagnuolo*, it appears that the defendant *was* seriously prejudiced by the government's non-disclosure, thereby making the court's aforementioned statement *dictum*.

875 F.2d 1114, 1118 (5th Cir. 1989).[9]

Our conclusion in *Sarcinelli* that the wholesale suppression of the government's evidence was an abuse of discretion applies with equal force to the broad exclusion effected here. Neither the magistrate judge's written opinion nor the district judge's oral opinion was "the product of a careful consideration of the factors we have cited that dictate the type of sanction, if any, that should be imposed when a party fails to comply with a rule 16 discovery order." *Id.*

Neither opinion indicates the prejudice, if any, that the defendants faced from the delayed discovery.[10] Nor do the opinions seriously discuss the option of a continuance to remedy the missed discovery deadline. The district court, therefore, could not reasonably have decided that this sweeping order was the "least severe sanction" needed to promote "prompt and full compliance with the court's discovery order."

Accordingly, the order excluding the evidence covered by the May 30, 1996, discovery order is REVERSED, and this matter is REMANDED for reconsideration in light of this opinion.

---

[9] Although Newberry, McFatter, and Simmons suggest that "fundamental fairness" and the "Due Process Clause" justify the instant extreme sanction, we do not see how the Due Process Clause circumscribes the inquiry we set forth in *Sarcinelli*. And, absent a more detailed showing by the defendants, we find nothing in our jurisprudence, or that of the Supreme Court, to support their general assertion of prejudice in this regard.

[10] Indeed, the magistrate judge states that "Even if the government's failure to disclose were harmless, it would not change this Court's opinion."